**Lipman Omensky and Ida Omensky, Defendants in Error, v. George J. Cooke Company, Plaintiff in Error.**

### Gen. No. 17,178.

LANDLORD AND TENANT—*failure to obtain saloon license.* A judgment for rent is sustained though there is a provision in the lease that it shall be void if at any time during the term a saloon license cannot be obtained, where there is no sufficient proof that a license could not have been obtained by reasonable effort.

Error to the Municipal Court of Chicago; the Hon. J. H. HUME, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed March 24, 1913.

H. A. DAUGHERTY, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to reverse a judgment of the Municipal Court of Chicago for the sum of $78.62 rendered on November 5, 1910, in favor of the plaintiffs (defendants in error here) against the defendant corporation (plaintiff in error here). The judgment was for rent of certain premises at the corner of Hastings and Laflin streets in Chicago for the month of February, 1910, and the first eleven days of March, 1910, at

$70 a month. This was the amount of rent reserved in a written lease of said premises from the plaintiff to the defendant corporation under date of January 9, 1909, leasing the premises in question from May 1, 1909, to April 30, 1911. On the amount which it was computed would have been due for the premises for the month and eleven days involved, $14 was credited by the plaintiffs—that amount having been collected by them from occupants of a portion of the premises which the plaintiffs, after their abandonment by the defendant, had been able to let. With this credit there was claimed as due for said rent $76.52. The jury added $2.10 interest to this amount in their verdict, making the amount of the judgment recovered.

The defense made in the cause was that one of the conditions of the lease was as follows:

"If at any time during the term of this lease or during the option of renewal given in this lease, a City of Chicago Saloon License cannot be obtained for these premises, it is hereby agreed that upon the lessee giving thirty days notice to lessor, that after the expiration of said notice, this lease and agreement shall be null and void;"

and that such license could not be obtained and that the notice required by this provision of the lease was duly served.

For much the same reasons for which the Branch Appellate Court, speaking through Mr. Justice Fitch, in the cause between the same parties (172 Ill. App. 507), brought to this court in an effort to reverse a judgment for rent under this lease for the month of January, 1910, affirmed that judgment, we must hold that the defendant Company did not establish this defense in this case.

It is true that the evidence was not identical and that an additional witness was introduced by the defendant. Mr. Flanagan's seemingly evasive and inconclusive testimony, however, does not, to our mind, render less true in this case than in that, that there is

no sufficient proof in the record that "Ryan's license or some other could not have been obtained by reasonable effort nor that a new license for a new tenant could not have been obtained in the same manner as it had been obtained and used for said premises during the six months prior to November 1, 1909."

The judgment of the Municipal Court is affirmed.

*Affirmed.*